UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON HADDAD,

    Plaintiff,                                                   Case No. 15-12062

v.

                                                         HON. AVERN COHN

VIRGINIA M. KENDALL, ET AL.,

    Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Ron Haddad, a federal inmate incarcerated at the Milan Federal Correctional Institution, is proceeding pro se. Plaintiff has been granted permission to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint will be dismissed for failure to state a claim.

### II. Background

Plaintiff is serving a 150 month sentence as a result of convictions arising in the United States District Court for the Northern District of Illinois. A search of Court records reveals that plaintiff was convicted of twenty eight counts of mailing threatening communications in violation of 18 U.S.C. § 876(c), and two counts of emailing threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c) after a jury trial conducted by United States District Judge Virginia M. Kendall, whom he names as a defendant. See United States v. Haddad, 09-cr-00115-1(N.D. Ill.). In

addition to Judge Kendall, plaintiff names as defendants three additional federal judges, six federal prosecutors, a court clerk, a court reporter, an attorney from a federal defender's office, a pre-sentencing investigator, and four other individuals who appear to have been defense attorneys in his criminal case.

As best as can be gleaned from the complaint, plaintiff claims that the indictment against him was invalid, and as a result of multiple violations of his constitutional rights at the hands of the defendants, the criminal proceedings were nevertheless allowed to go forward. He also says that his conviction and resulting order of restitution are therefore invalid. He seeks impeachment of the defendant judges, disbarment of the attorneys, reversal of his conviction, release from custody, and $20,000,000 damages.

## II.  Legal Standard

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996); Cline v.

Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

### III.  Discussion

The complaint fails to state a claim for several reasons.  First, plaintiff claims a violation of his constitutional rights at the hands of federal actors, not state actors. Section 1983 actions concern only defendants acting under color of state law.  See Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006); Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  Thus, he cannot bring claims against any of the defendants under section 1983.

Second, the complaint challenges the validity of his criminal proceedings.  This is not an appropriate claim under section 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), but not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). The same principle bars federal prisoners from using a civil rights suit as a substitute for a criminal appeal or post-conviction proceeding. Beverly v.Reno, 23 F.3d 158, 159 (7th Cir. 1994).

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

Plaintiff's claims concerns the validity of his criminal proceedings. If he were to prevail on those claims, his conviction(s), sentence, and continued confinement would be called into question. Consequently, his complaint is barred by Heck.

Finally, as to the judges named as defendants, the complaint is subject to dismissal based upon absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). Plaintiff's claims against these defendants concern the performance of

their judicial duties and therefore are barred by judicial immunity.

## IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

   S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2015
       Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 16, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160